UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRIMINGHAM, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALERE SAN DIEGO, INC.; ABBOTT LABORATORIES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  25-cv-122-BJC-DEB<br><br>**ORDER DENYING MOTION TO BIFURCATE**<br><br>**[ECF No. 30]** |

Before the Court is Defendant's motion to bifurcate.  ECF No. 30.  Plaintiff opposes this motion.  ECF No. 35.  The motion is fully briefed, and the Court finds it suitable for determination on the papers.  For the reasons set forth below, the motion is **DENIED.**

## I.    BACKGROUND

Abbott Laboratories ("Abbott") is a publicly traded Illinois corporation and a global healthcare company engaged in the development and manufacture of products in diagnostics, medical devices, nutrition, and branded generic pharmaceuticals.  ECF No. 30-1 at 7.  Alere San Diego, Inc. ("ASD" or "Alere") is an indirect subsidiary of Abbott and a Delaware corporation.  *Id.* at 8.  ASD develops diagnostic testing technologies.  *Id.* One such product is the Afinion 2 Analyzer – a compact, multi-assay analyzer designed for near-patient testing at the point of care.  *Id.*

ASD employed Alexis Brimingham ("Plaintiff") as a Quality Control Technician II from October 2023 through September 2024.  *Id.*  In that role, Plaintiff was responsible for completing quality control tests and related documentation.  *Id.*  Her duties included

1

monitoring the quality of the Afinion 2 Analyzer through laboratory testing and observation and recording test results in logbooks. *Id.*

On December 16, 2024, Plaintiff filed a putative class action complaint in the Superior Court of the State of California against ASD and Abbott (collectively, "Defendants"). *Id.* The complaint alleges ten causes of action: (1) failure to pay all wages owed; (2) failure to pay overtime wages; (3) meal period violations; (4) rest period violations; (5) paid sick leave violations; (6) untimely payment of wages; (7) wage statement violations; (8) waiting time penalties; (9) failure to reimburse business expenses; and (10) unfair competition. ECF No. 1 at 2. Plaintiff served Defendants with the summons and complaint on December 18, 2024. *Id.* On January 17, 2025, Defendants filed an Answer and removed the action to this Court. *Id.* at 3.

On March 6, 2025, Defendants filed a motion to dismiss or, in the alternative, to stay the action on the ground that another case involving the same parties and claims was already pending in the Eastern District of California. ECF No. 9. The Court heard oral argument on May 1, 2025. ECF No. 20. That same day, the Court issued an order denying the motion to dismiss, as well as denying the motion stay as to Plaintiff's reimbursement claim (ninth cause of action), and granting the motion to stay as to Plaintiff's remaining claims (first through eighth and tenth causes of action).[1] ECF No. 21 at 1-2. On May 6, 2025, Plaintiff filed her intent to proceed with her reimbursement claim only. ECF No. 23. On June 13, 2025, Defendants filed their Answer in response to the portion of the Complaint regarding the reimbursement claim only. ECF No. 25.

On July 2, 2025, Defendants filed the present motion to bifurcate Plaintiff's individual and class claims and to split discovery into two phases. ECF No. 30. On July

---

[1] The Court stayed Plaintiff's remaining claims under the first-to-file rule. ECF No. 29 at 24. Under this doctrine, "when a complaint involving the same parties and issues has already been filed in another district," the court may stay, transfer, or dismiss the later-filed action in order to promote judicial efficiency and avoid conflicting judgments. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

25-cv-122-BJC-DEB

16, 2025, Plaintiff filed an opposition to bifurcation, ECF No. 35, and Defendants filed a reply on August 6, 2025. ECF No. 36.

## II.    LEGAL STANDARD

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Under the rule, district courts have "broad discretion" to bifurcate a trial, "thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Exxon Co. v. Safec*, 54 F.3d 570, 575 (9th Cir. 1995)). In making this determination, courts consider "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at \*1 (N.D. Cal. Jan. 20, 2015).

## III.    DISCUSSION

Defendant moves to bifurcate discovery into two phases: (1) resolution of whether Plaintiff has standing to assert claims against Abbott, and if so, (2) class-wide discovery as to Abbott and ASD. ECF No. 30-1 at 7. Defendant argues that standing is a threshold issue that should be decided before the parties undertake class-wide discovery. *Id.* If Plaintiff cannot establish standing, her claims against Abbott cannot proceed, and class discovery as to Abbott would be unnecessary. *Id.*

Plaintiff opposes bifurcation, arguing it is unsupported by the law and the facts of the case. ECF No. 35 at 6. She contends that discovery regarding her employment status will overlap substantially with evidence relevant to the class claims. *Id.* Plaintiff also notes that Defendants delayed bringing this motion for four months after initial discovery, and that bifurcation would further delay class certification contrary to Rule 23's requirement that it be decided at an early practicable time. *Id.* Finally, Plaintiff argues that bifurcation

25-cv-122-BJC-DEB

would undermine judicial economy and prejudice her by delaying access to discovery needed to meet Rule 23(a)'s requirements. *Id.* at 7.

### 1.    Overlap Between Individual and Class Discovery

Defendant argues that the overlap between individual and class discovery is minimal and weighs in favor of bifurcation. ECF No. 30. Under its proposed phased approach, Phase One discovery would be limited to the threshold issue of whether Abbott employed Plaintiff. *Id.* at 18. According to Defendant, this threshold inquiry is distinct from the issues that would arise in Phase Two, which would involve class-wide discovery regarding non-exempt employees, including their job duties and alleged wage-and-hour violations. *Id.* To illustrate, Defendant points out that Plaintiff's current discovery requests—such as those seeking the identities, contact information, and job titles of Abbott employees—are directed solely to class issues and are irrelevant to the antecedent question of whether Abbott employed Plaintiff. ECF No. 36 at 5.

Plaintiff counters that there is substantial overlap between individual and class discovery. First, Plaintiff argues that there would be duplicative discovery. ECF No. 35 at 13. Plaintiff points out that determining whether Abbott and Alere constitute an integrated enterprise would require the Court to examine Defendants' payroll practices, employment policies, decision-making processes, corporate structure, management hierarchy, and operational relationships. *Id.* at 14. Plaintiff contends that this same evidence is central to both her individual claims. *Id.*

Second, Plaintiff argues that the documentary evidence already overlaps. *Id.* She points out that the employment records she submitted into evidence – such as wage statements, her employment agreement, and company policies – all refer to Abbott. *Id.* Plaintiff contends that these same documents are relevant to establishing both her individual employment relationship and class-wide certification. *Id.*

The Court agrees with Plaintiff and finds that there is substantial discovery overlap between Plaintiff's individual discovery of the employment relationship and class-wide discovery. Plaintiff's theory that Abbott may be liable as her employer depends on whether

25-cv-122-BJC-DEB

Abbott and ASD functioned as an integrated enterprise.  The integrated enterprise theory applies a four-factor test to determine whether nominally separate entities should be treated as a single employer: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 815 (2002).  "[A]lthough a court must consider each of the factors, the critical inquiry requires an examination of which entity made the final decisions regarding employment matters.  *Cellini v. Harcourt Brace & Co.*, 51 F. Supp. 2d 1028, 1034 (S.D. Cal. 1999).  To determine which entity made the final employment decisions, the parties would likely seek discovery concerning the extent to which Defendants shared facilities, financial operations, payroll functions, and management personnel, as well as whether employees received supervision, training, or performance feedback from personnel affiliated with the other entity. *See Hutchinson v. Am. Fam. Mut. Ins. Co.*, 2013 WL 1340051, at *11,  (D. Ariz. Apr. 1, 2013) (assessing enterprise relationship by reference to evidence of "shared facilities, shared bank accounts or that each company paid the others bills and paychecks," and whether employees received  "training, direction, supervision and delegation of authority").

On the other hand, class certification requires a plaintiff to satisfy Rule 23(a)'s requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Fed. R. Civ. P. 23(a)–(b).  Additionally, the plaintiff must satisfy one of the bases for certification in Rule 23(b).  *Id.*  In determining certification, the Court will consider "pattern and practice evidence, statistical evidence, sampling evidence, expert testimony, and other indicators of a defendant's centralized practices in order to evaluate whether common behavior towards similarly situated plaintiffs makes class certification appropriate." *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1298 (Cal. Ct. App. 2010).

Discovery relevant to employment relationship and class certification substantially overlap because both inquiries require examination of Defendants' corporate structure, management practices, and control over employees. To determine whether Abbott functioned as Plaintiff's employer under the integrated-enterprise theory, the parties would

25-cv-122-BJC-DEB

need discovery concerning centralized control of labor relations, payroll administration, operational integration, and supervisory authority. That same evidence is also relevant to Rule 23 certification because it bears on whether Defendants maintained uniform policies and practices applicable to putative class members. Accordingly, bifurcation would create duplicative discovery and inefficiencies because many of the same witnesses, documents, and corporate records would need to be produced and examined in both phases.

### 2. Bifurcation Would Not Promote Early Resolution of Class Certification

Defendants argue that bifurcation has the potential to eliminate the need for class certification altogether. ECF No. 36 at 7. According to Defendants, the proposed Phase One discovery would avoid the burden and expense of broad class-wide discovery before resolution of a potentially dispositive issue. ECF No. 30-1 at 22. Defendants also dispute Plaintiff's contention that the motion is untimely, noting that the motion was filed on July 2, 2025, consistent with the Magistrate Judge's directive during the June 18, 2025 status conference. ECF No. 36 at 7.

Conversely, Plaintiff argues that bifurcation would significantly delay class certification proceedings. ECF No. 35 at 15. Plaintiff points to Defendants' proposed timeline, which would allow three months for Phase One discovery, followed by an additional thirty days to file a motion for summary judgment, further briefing time for Plaintiff's opposition, and additional time for the Court to issue a ruling before class-wide discovery could even commence. *Id.* at 17. Plaintiff contends that this process would substantially postpone class certification proceedings rather than promote Rule 23's directive that certification be decided at "an early practicable time." *Id.* Plaintiff also notes that Defendants did not seek bifurcation until more than four months after the Court issued its initial scheduling order, at which time the Court declined to bifurcate discovery. *Id.* at 17-18.

Here, the Court finds that bifurcation would not promote early resolution of class certification. In *Urb. v. Tesla, Inc.*, 698 F. Supp. 3d 1124, at \*1138 (N.D. Cal. 2023), the

25-cv-122-BJC-DEB

Court observed that "bifurcation in the absence of agreement often results in the parties expending significant time and expense fighting over whether particular discovery requests involve class certification or the merits." The same concern is present here. Because discovery relevant to the employment relationship substantially overlaps with discovery relevant to class certification, the parties would likely dispute whether particular requests fall within Phase One or should be deferred until Phase Two. Resolving those disputes would increase motion practice and delay discovery, thereby undermining Rule 23's directive that class certification be resolved at "an early practicable time." Accordingly, the Court is not persuaded that the potential efficiencies of bifurcation outweigh the likely delay to class certification proceedings.

### 3. Judicial Economy

Defendants argue that bifurcation is in the interest of judicial economy. ECF No. 30-1 at 18. According to Defendants, if Plaintiff were permitted to proceed with class discovery but later failed to establish that Abbott employed her, the parties and the Court would have unnecessarily expended substantial time and resources litigating class discovery disputes and class certification issues that could have been avoided through phased discovery and an early dispositive motion. *Id.*

Plaintiff argues that bifurcation would not promote judicial economy because there would be substantial overlap during discovery. ECF No. 35 at 18. According to Plaintiff, even under Defendants' proposed Phase One limitations, discovery would necessarily encompass Abbott's relationship with ASD, the entities' management structures, employment policies, and operational integration in order to evaluate the integrated-enterprise factors. *Id.* at 21.

Plaintiff further argues that bifurcation may ultimately prove inefficient even if Defendants succeed on summary judgment. Plaintiff notes that the Court must consider the possibility that if Plaintiff is found not to have an employment relationship with Abbott, then another class representative could be substituted. *Id.* Therefore, if the litigation later

proceeds with a different representative plaintiff, then bifurcation would result in needless expenditure of judicial resources. *Id.*

The Court finds that bifurcation would not promote judicial economy. In *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015), the Court reasoned that "even if Defendants are correct that [Plaintiffs] do not meet the class definition . . . the line between 'class certification discovery' on the one hand, and 'pure merits' discovery on the other, can be difficult to discern." (citations and quotations omitted). The Court, therefore, held that bifurcation was not in the interest of judicial economy because it would cause additional litigation regarding the distinction between the two phases. Similarly, here, discovery concerning whether Abbott employed Plaintiff under an integrated-enterprise theory substantially overlaps with class-wide certification. The Court finds that phased discovery would likely result in duplicative proceedings and inefficiencies that undermine judicial economy.

### 4. Potential Prejudice Resulting from Bifurcation

Defendants argue that Abbott will be prejudiced without bifurcation because it will be forced to incur substantial costs associated with class-wide discovery, class-related discovery disputes, expert witnesses, and business disruption. ECF No. 30-1 at 20. Defendants further argue that, without bifurcation, notice and communications may be sent to current and former Abbott employees regarding a potential class action even though Plaintiff may ultimately lack standing to pursue claims against Abbott. *Id.* at 21. According to Defendants, this could create confusion among putative class members regarding whether Plaintiff represents their interests and whether they need to pursue their own claims. *Id.*

Plaintiff argues that bifurcation would unfairly prejudice both Plaintiff and the putative class. ECF No. 35 at 22. According to Plaintiff, phased discovery would increase both the cost and duration of the litigation. *Id.* Plaintiff further contends that bifurcation would limit access to evidence relevant to her employment theory, including testimony

25-cv-122-BJC-DEB

from other employees and documents concerning Abbott's control over Alere's operations. *Id.* at 23.

Here, the Court finds that Defendants have demonstrated a meaningful risk of prejudice absent bifurcation. Proceeding with class-wide discovery before resolution of the threshold employment issue would require Abbott to incur substantial costs associated with broad discovery, expert witnesses, discovery disputes, and related litigation burdens that may ultimately be unnecessary if Defendants prevail on summary judgment. However, the Court finds less persuasive Defendants' concern that early class-related communications and potential notice to current and former employees could create confusion regarding the existence and scope of any putative class. The Court does not view this as prejudice to Defendants themselves, but rather as a potential inconvenience on other employees.

## IV.    CONCLUSION

The Court concludes that bifurcation is not warranted. The discovery necessary to resolve whether Abbott functioned as Plaintiff's employer substantially overlaps with discovery relevant to class certification and the merits of Plaintiff's reimbursement claim. Phased discovery would therefore delay class certification and undermine judicial economy. Although Defendants have identified certain litigation burdens associated with class-wide discovery, those concerns do not outweigh the disruptions likely to result from bifurcation under the circumstances presented here. Accordingly, the Court exercises its discretion under Rule 42(b) and **DENIES** Defendants' motion to bifurcate.

**IT IS SO ORDERED.**

Dated:  June 2, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

9

25-cv-122-BJC-DEB