Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Nicolas P. Ahadzadeh (State Bar No. 365386)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
npa@ferrarovega.com

*Attorneys for Plaintiff Alexis Brimingham*

*[Additional Counsel on next page]*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRIMINGHAM, on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ALERE SAN DIEGO, INC.; ABBOTT LABORATORIES; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 3:25-cv-00122-BJC-DEB<br><br>HON. BENJAMIN J. CHEEKS<br><br>**JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION**<br><br>Complaint Filed:　December 16, 2024<br>Action Removed:　January 17, 2025 |

JOINT STATUS REPORT

Michele J. Beilke (State Bar No. 194098)
mbeilke@seyfarth.com
Julia Y. Trankiem (State Bar No. 228666)
jtrankiem@seyfarth.com
David J. Kim (State Bar No. 349802)
dakim@seyfarth.com
Seyfarth Shaw LLP
2029 Century Part East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Defendants Alere San Diego, Inc.;
Abbott Laboratories*

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

By and through their respective undersigned counsel, Plaintiff Alexis Brimingham ("Plaintiff") and Defendants Alere San Diego, Inc. and Abbott Laboratories ("Defendants") (hereinafter collectively referred to as the "Parties") hereby submit this Joint Status Report per ECF No. 40.

On December 16, 2024, Plaintiff filed a class action complaint in the Superior Court of the State of California for the County of San Diego, titled Alexis Brimingham v. Alere San Diego, Inc.; Abbott Laboratories; and Does 1 through 50, inclusive, Case No. 24CU028634C ("Complaint"). The Complaint asserts ten (10) causes of action for: (1) Failure to Pay All Wages Owed; (2) Failure to Pay All Overtime Wages; (3) Meal Period Violations; (4) Rest Period Violations; (5) Paid Sick Leave Violations; (6) Untimely Payment of Wages; (7) Wage Statement Violations; (8) Waiting Time Penalties; (9) Failure to Reimburse Business Expenses; and (10) Unfair Competition.

On January 17, 2025, Defendants removed the action to this Court. Dkt. 1.

On August 20, 2025, the Parties agreed to attend mediation with well-respected wage and hour mediator Gig Kyriacou on May 21, 2026, which was Mr. Kyriacou's first mutually agreeable available date at the time. This was consistent with the availability of several respectable wage and hour mediators. Due to the complex nature of the case, the Parties were comfortable with Mr. Kyriacou's ability to resolve cases such as this.

On August 25, 2025, the Parties submitted a Joint Motion to Stay Action Pending Completion of Mediation, With a Limited Carve Out. [Dkt. 38] On September 2, 2025, the Court granted the Joint Motion, ordering as follows:

1.    All existing deadlines in this matter are vacated and the case shall be stayed in its entirety pending the completion of the May 21, 2026 mediation by the parties.

2.    All formal discovery is stayed until June 20, 2026.

JOINT STATUS REPORT

3.     Notwithstanding the stay, the Magistrate Judge may rule on Plaintiff's pending Motion to Compel Further Interrogatory Responses [ECF No. 32] only as to the contact information for ASD employees; if such a ruling is issued, the parties may seek reconsideration before the District Court despite the stay.

4.     On or before June 20, 2026, the parties shall file a status report regarding the outcome of the mediation.

[Dkt. 40]

**The Status of the Mediation:**

*Plaintiff's Position*:

The Parties cancelled the May 21, 2026, mediation with Gig Kyriacou because of an informal discovery disagreement between the Parties.  In anticipation of the mediation, Plaintiff requested a representative sampling of time and payroll data for the relevant period in the September 2025 pre-mediation letter.  On April 23, 2026, Defendant refused to produce the sampling data because they did not believe a sample was necessary for the mediation

The Parties continued to meet and confer after cancelling the previously scheduled May 21, 2026, mediation.  The Parties have since agreed to reschedule a mediation with Hunter Hughes for October 9, 2026, after Defendant agreed to produce a 20% representative sampling of the time and payroll data for the putative members during relevant period before the September 9, 2026, cancellation date.  The Parties intend to file a joint motion to further stay the case pending the conclusion of the newly scheduled October 9, 2026, mediation.

*Defendant's Position*:

The Parties prepared in good faith for the May 21, 2026 mediation and exchanged relevant documents and information in preparation for the mediation. However, the Parties did not agree on the scope of informal pre-mediation discovery, including the size of any sampling, and, faced with the mediator's impending cancellation deadline,

were required to cancel the May 21, 2026 mediation and reschedule it for a later date. Due to scheduling limitations with Gig Kyriacou, who had no available dates until late December 2026, the Parties also had to identify a new qualified mediator with earlier availability. The Parties have continued to meet and confer and have rescheduled mediation with well-respected wage and hour mediator Hunter Hughes for October 9, 2026, which was Mr. Hughes' first mutually agreeable available date at the time of filing this Joint Motion. The Parties have now reached agreement regarding the scope of informal pre-mediation discovery and expect that the mediation will move forward as scheduled on October 9, 2026. The further informal pre-mediation exchange includes substantial representative and classwide information of the type that would otherwise be exchanged in formal discovery, and that information is not simply maintained in a readily compiled, immediately producible form.

Respectfully submitted,

Ferraro Vega Employment Lawyers, Inc.

Dated: By: /s/ *Nicolas P. Ahadzadeh*
Nicholas J. Ferraro
Lauren N. Vega
Nicolas P. Ahadzadeh
*Attorneys for Plaintiff Alexis Brimingham*

SEYFARTH SHAW LLP

Dated: By: /s/ *Steven Morphy*
Michele J. Beilke
Julia Y. Trankiem
David J. Kim
Steven Morphy
*Attorneys for Defendants*
ALERE SAN DIEGO, INC. and ABBOTT LABORATORIES

- 3 -
JOINT STATUS REPORT