SEYFARTH SHAW LLP
Michele J. Beilke (SBN 194098)
mbeilke@seyfarth.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@seyfarth.com
Steven A. Morphy (SBN 313275)
smorphy@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

SEYFARTH SHAW LLP
David J. Kim (SBN 349802)
dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
ALERE SAN DIEGO, INC. and ABBOTT
LABORATORIES

[*Additional counsel on next page*]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRIMINGHAM, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALERE SAN DIEGO, INC.; ABBOTT LABORATORIES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-00122-BJC-DEB<br><br>HON. BENJAMIN J. CHEEKS<br><br>**JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION**<br><br>Complaint Filed:  December 16, 2024<br>Action Removed: January 17, 2025 |

JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Nicolas P. Ahadzadeh (State Bar No. 365386)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
npa@ferrarovega.com

*Attorneys for Plaintiff Alexis Brimingham*

## <u>JOINT MOTION TO EXTEND STAY</u>

Plaintiff Alexis Brimingham ("Plaintiff") and Defendants Alere San Diego, Inc. ("ASD") and Abbott Laboratories ("Abbott") ("Defendants") (together with Plaintiff, the "Parties"), through their respective counsel of record, hereby jointly file this Joint Motion to Extend Stay of Action pending Completion of Private Mediation ("Motion").

### A.     Relevant Procedural Background

On December 16, 2024, Plaintiff filed a class action complaint in the Superior Court of the State of California for the County of San Diego, titled *Alexis Brimingham v. Alere San Diego, Inc.; Abbott Laboratories; and Does 1 through 50, inclusive*, Case No. 24CU028634C ("Complaint"). The Complaint asserts ten (10) causes of action for: (1) Failure to Pay All Wages Owed; (2) Failure to Pay All Overtime Wages; (3) Meal Period Violations; (4) Rest Period Violations; (5) Paid Sick Leave Violations; (6) Untimely Payment of Wages; (7) Wage Statement Violations; (8) Waiting Time Penalties; (9) Failure to Reimburse Business Expenses; and (10) Unfair Competition.

On January 17, 2025, Defendants removed the action to this Court. [Dkt. 1.]

On March 6, 2025, Defendants filed a Motion to Dismiss or Stay Proceedings based on the first to file rule and the court's inherent authority, on the grounds that another case with the same parties and claims had already been filed in another court namely, *Munruddin v. Abbott Laboratories*, E.D. Cal., Case No. 2:21-cv-00672-TLN-AC. [Dkt. 9.]

On May 1, 2025, the Court heard the Parties' oral argument regarding Defendants' Motion to Dismiss or Stay Proceedings. After the oral argument, the Court issued an Order, granting in part and denying in part Defendants' Motion to Dismiss or Stay Proceedings. [Dkt. 21.] Specifically, the Court granted the Motion to Stay as to all of Plaintiff's claims except for the expense reimbursement claim. [Dkt. 21.] The Court ordered Plaintiff to file a notice of intent if she wished to proceed on the reimbursement claim only, which Plaintiff filed on May 6, 2025 [Dkt. 23.] As such, the only claim

1

pending in this action is Plaintiff's reimbursement claim.

On June 13, 2025, Defendants filed their Answer to Plaintiff's reimbursement claim. [Dkt. 25.] After Defendants answered, the Parties attended a Status Conference before the Magistrate Judge on June 18, 2025. [Dkt. 26.] After the Status Conference, the Magistrate Judge issued an Amended Scheduling Order [Dkt. 27], which set forth the following deadlines:

- September 26, 2025: Deadline to conduct all discovery for Plaintiff's motion for class certification.
- October 31, 2025: Deadline for Plaintiff to file a motion for class certification.

On July 2, 2025, Defendants filed a motion to bifurcate individual and class claims as to Abbott Laboratories, requesting that Plaintiff establish an employment relationship with Abbott Laboratories (her employer's parent company) before obtaining class-wide discovery. [Dkt. 30.] On June 2, 2026, the Court denied Defendants' motion. [Dkt. 53]

On July 11, 2025, Plaintiff filed a motion to compel further interrogatory responses, seeking contact information and discovery responses from Defendants. [Dkt. 32.] Defendants opposed the motion. [Dkt. 34.] On December 16, 2025, the Court granted Plaintiff's motion and ordered Defendants to respond to Plaintiff's Interrogatory No. 9 no later than 30 days after entry of a protective order. [Dkt. 48.] Subsequently, the Parties submitted a draft Protective Order, which Magistrate Judge Daniel E. Butcher signed on January 7, 2026. [Dkt. 52.] Pursuant to the Court's Order, Defendants served their response to Plaintiff's Interrogatory No. 9 on February 6, 2026.

**B.    Parties Agreed to Private Mediation in May 2026, but Rescheduled It for October 9, 2026.**

On August 20, 2025, the Parties agreed to attend mediation with well-respected wage and hour mediator Gig Kyriacou on May 21, 2026, which was Mr. Kyriacou's first mutually agreeable available date at the time. This was consistent with the availability of several respectable wage and hour mediators. Due to the complex nature

2

of the case, the Parties were comfortable with Mr. Kyriacou's ability to resolve cases such as this.

On August 25, 2025, the Parties submitted a Joint Motion to Stay Action Pending Completion of Mediation, With a Limited Carve Out. [Dkt. 38] On September 2, 2025, the Court granted the Joint Motion, ordering as follows:

1. All existing deadlines in this matter are vacated and the case shall be stayed in its entirety pending the completion of the May 21, 2026 mediation by the parties.

2. All formal discovery is stayed until June 20, 2026.

3. Notwithstanding the stay, the Magistrate Judge may rule on Plaintiff's pending Motion to Compel Further Interrogatory Responses [ECF No. 32] only as to the contact information for ASD employees; if such a ruling is issued, the parties may seek reconsideration before the District Court despite the stay.

4. On or before June 20, 2026, the parties shall file a status report regarding the outcome of the mediation

[Dkt. 40]

The Parties exchanged certain documents and information in anticipation of the May 21, 2026 mediation with Gig Kyriacou. .   However, the Parties cancelled the May 21, 2026, mediation with Gig Kyriacou because of an informal discovery disagreement between the Parties.  Plaintiff contends that after requesting a representative sampling of time and payroll data in a September 2025 pre-mediation letter, , Defendants refused to produce the sampling data because they did not believe a sample was necessary for the mediation. Defendant contends that the Parties never agreed on the scope of informal pre-mediation discovery, including the size of any sampling.  Due to scheduling limitations with Gig Kyriacou, who had no available dates until late December 2026, the Parties also had to identify a new qualified mediator with earlier availability.

3

JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION

The Parties have continued to meet and confer after cancelling the previously scheduled May 21, 2026, mediation.  The Parties have since agreed to reschedule mediation with well-respected wage and hour mediator Hunter Hughes for **October 9, 2026**, which was Mr. Hughes' first mutually agreeable available date at the time of scheduling.  Defendants have agreed to produce, and Plaintiff has agreed to accept, a 20% representative sampling of the time and payroll data for the putative members during the relevant period before the September 9, 2026, cancellation date.  As such, the Parties expect that the mediation will move forward as scheduled on October 9, 2026. Should Defendant fail to meet this informal discovery deadline, the stay on this action shall be automatically lifted, allowing Plaintiff to immediately resume formal litigation, subject to the limitations imposed by the Court's May 1, 2025 order on Defendants' prior motion to stay [Dkt. 21].

**C.    Parties Agree That This Action Should be Stayed Pending Completion of Mediation, With a Limited Carve-Out.**

In the interest of judicial economy and the conservation of the Parties' resources, the Parties have agreed, subject to the Court's approval, that this action should remain stayed in its entirety, including all formal discovery, so that the Parties may continue focusing their efforts on preparing for private mediation on October 9, 2026.

However, this stay is subject to a specific, limited carve-out regarding the parties' informal pre-mediation discovery exchange: Defendants agree to produce to Plaintiff a 20% representative sampling of the time and payroll data for the putative class members covering the relevant period. Defendants shall complete this production no later than September 9, 2026. Shall Defendants fail to complete this production by the September 9, 2026, deadline, the stay shall be automatically lifted so that formal litigation may resume.

As such, the Parties jointly agree and respectfully request that the Court enter an order extending the previously issued stay, including all formal discovery (subject to the informal discovery carve-out detailed above), until 30 days after completion of mediation.

4

The Parties further agree that, to avoid prejudice to either side while this Motion is pending, if the Court has not entered an order granting the requested extension by June 30, 2026, the Parties shall nevertheless operate as though the requested extension had been granted unless and until the Court orders otherwise, and neither Party shall contend that any argument, position, objection, deadline, or right has been waived, forfeited, or otherwise prejudiced by the absence of an entered order as of that date.

### D. Good Cause Exists to Extend the Stay of this Action Pending Completion of Mediation.

Good cause exists to continue the stay of the entire action pending completion of mediation, subject to the informal discovery carve-out detailed above. As set forth above, this case has already been stayed through June 20, 2026, and all existing deadlines in this matter have been vacated pursuant to the Court's prior Order on Joint Motion to Stay [Dkt. 40]. The present request would merely extend that stay for a limited additional period while the Parties complete their informal exchange and prepare for mediation on the new date. An extension of the stay will also prevent both Parties from incurring further litigation expenses and avoid additional, potentially unnecessary motion practice. It will promote judicial economy and allow the Parties to continue to focus their efforts on preparing for the private mediation, which would include completing their informal exchange of data and preparing for and attending mediation.

Given that no trial date has been set, that all existing deadlines have been vacated, and that the Parties are merely requesting to extend an existing stay pending completion of mediation, the Parties respectfully jointly request that the Court enter an order extending the previously issued stay, subject to the informal discovery carve-out detailed above, including all formal discovery, until 30 days after completion of mediation.

JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION

DATED: June 24, 2026                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


By:*/s/ Steven A. Morphy*
    Michele J. Beilke
    Julia Y. Trankiem
    Steven A. Morphy
    David J. Kim
    Attorneys for Defendants
    ALERE SAN DIEGO, INC. and
    ABBOTT LABORATORIES


DATED: June 24, 2026                    Respectfully submitted,

                                        **Ferraro Vega Employment Lawyers, Inc.**


By:*/s/ Nicholas J. Ferraro*
    Nicholas J. Ferraro
    Lauren N. Vega
    Nicolas P. Ahadzadeh
    *Attorneys for Plaintiff Alexis Brimingham*

6

JOINT MOTION TO EXTEND STAY OF ACTION PENDING COMPLETION OF PRIVATE MEDIATION

# ECF ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from signatory Steven A. Morphy.

*Ferraro Vega Employment Lawyers, Inc.*

*/s/ Nicholas J. Ferraro*
Nicholas J. Ferraro
*Attorney for Plaintiff Alexis Brimingham*

7